UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GAMAL SIMMONS-EL,<br><br>                           Plaintiff,<br><br>        v.<br><br>CITY OF NEW YORK, DET. CHRISTOS DEFTEREOS (Shield #001081), RETIRED SERGEANT JOSE RODRIGUEZ (Shield #5575), DETECTIVE CHARLES HARMON (Shield #4219), UNDERCOVER OFFICER CO0044, and POLICE OFFICERS "JOHN DOE" #1 through #10, individually and in their official capacities, (the name "John Doe" being fictitious, as the true names of these individuals are presently unknown),<br><br>                           Defendants. | **SECOND AMENDED COMPLAINT**<br>14-CV-8032 (KPF)<br>Jury Trial Demanded |

      Plaintiff Gamal Simmons-El ("Plaintiff"), by his attorney, Kim E. Richman, complaining of the Defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

      Plaintiff Gamal Simmons-El ("Plaintiff") brings this action for damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988, for the wrongful acts of Defendants CITY OF NEW YORK, DET. CHRISTOS DEFTEREOS (Shield #001081), RETIRED SERGEANT JOSE RODRIGUEZ (Shield #5575), DETECTIVE CHARLES HARMON (Shield #4219), UNDERCOVER OFFICER CO0044, and POLICE OFFICERS "JOHN DOE" #1 through #10, individually and in their official capacities (the names "John Doe" being fictitious, as the true names of these individuals are presently unknown), as Officers of the New York City Police Department and other agencies of the City of New York, all acting under color of State law and

1

pursuant to their authority, in violation of Plaintiff's rights under the Constitution and laws of the Unites Stated and of the State of New York.

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 as to any and all of Plaintiff's claims arising under New York State law as such claims share a common nucleus of operative facts with Plaintiff's federal claims herein.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff GAMAL SIMMONS-EL is an African American male and was at all relevant times a resident of the borough of the Bronx in the County and State of New York.

7. Defendant CITY OF NEW YORK ("CITY") is and was at all relevant times a municipality of the State of New York. Defendant CITY operates, manages, directs and controls the New York City Police Department ("NYPD") and other municipal agencies and departments that are responsible for carrying out law enforcement activities under color of State law.

8. Defendants DET. CHRISTOS DEFTEREOS (Shield #001081), RETIRED SERGEANT JOSE RODRIGUEZ (Shield #5575), DETECTIVE CHARLES HARMON (Shield #4219), UNDERCOVER OFFICER CO0044, and POLICE OFFICERS "JOHN DOE" #1 through #10 are and were at all relevant times police or correction officers, supervisors, and/or policymakers employed by Defendant CITY with the NYPD and/or other CITY agencies and acting under color of State law.

9. At all times relevant hereto and in all their actions alleged herein, Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and its agencies and departments, including the NYPD, and pursuant to their authority as employees, servants and agents of the NYPD, and/or other agencies, and within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and law enforcement officers.

10. Defendant CITY was responsible for the hiring, training, supervision, discipline, retention and promotion of officers, supervisors, and employees within its agencies, including the NYPD and/or other agencies that employed the Defendants herein.

**FACTS**

11. On or about November 20, 2013, at approximately 2:00 a.m., Plaintiff was on his way to a local convenience store located on or near 176th Street and Morris Avenue.

12. A female acquaintance of Plaintiff's (hereinafter "Janice") was standing across the street from him. Janice called out to Plaintiff, who then crossed the street and gave Janice approximately three dollars worth of U.S. currency.

13. Plaintiff continued walking toward the local convenience store.

14. Shortly thereafter, Defendant Officers pulled up behind Plaintiff in an unmarked

police cruiser. Both Defendant Officers were not dressed in NYPD uniforms.

15. Without probable cause, Defendants Det. Christos Deftereos and P.O. John Doe #1 charged Plaintiff from behind, violently shoved him against a gate, and demanded that Plaintiff surrender the alleged contraband on his person.

16. Defendants Det. Christos Deftereos and P.O. John Doe #1 repeatedly asked Plaintiff, "Where are the drugs?" and claimed, "We saw you give it to her."

17. Defendant NYPD Officers also stated that they knew he had called Janice on his cellphone. In response to this allegation, Plaintiff offered to let Defendant Officers check his phone so that they could see that he had not called Janice. However, Defendant Officers refused to check Plaintiff's phone, and continued to aggressively interrogate Plaintiff and demand that he surrender the non-existent contraband.

18. As Defendant Officers continued to aggressively interrogate Plaintiff, another unmarked police cruiser pulled up and parked. Defendant P.O. John Doe #2 exited the vehicle and took Plaintiff aside.

19. Defendant P.O. John Doe #2 told Plaintiff that if he surrendered the non-existent contraband, he would only charge Plaintiff with a misdemeanor. Again, Plaintiff told Defendant Officers that he did not have any contraband.

20. Despite finding no contraband and without any probable cause whatsoever, Defendant Officers unlawfully arrested Plaintiff.

21. Defendants transported Plaintiff to the NYPD 46th Precinct, where he was processed and searched.

22. Defendants confiscated Plaintiff's personal property, including his wallet, cellphone, and commercial driver license. Plaintiff's commercial driver license was never returned

to him.

23.     Mr. Simmons-El was later transported to Manhattan Detention Center to await arraignment.

24.     On November 21, 2013, Mr. Simmons-El was arraigned in the Criminal Court of the City of New York, Bronx County, under Docket No. 2013BX067020, for violating N.Y.P.L. § 220.39 - Criminal Sale of a Controlled Substance in the Third Degree (a felony); and N.Y.P.L. § 220.03 - Criminal Possession of a Controlled Substance in the Seventh Degree (a misdemeanor).

25.     Plaintiff was released following arraignment, having been in custody for a total of approximately thirty-seven (37) hours.

26.     At the time of the incident giving rise to this case, Plaintiff was on parole. As a result of his false arrest, Plaintiff was in violation of his parole and therefore was required to return to a state facility on January 14, 2014, where he remained until the charges related to his November 20, 2013 arrest were dismissed.

27.     On April 4, 2014, all charges related to the November 20, 2013 incident were dismissed in favor of Plaintiff. On April 7, 2014, Plaintiff was released from the state facility.

28.     As a result of the aforementioned violations of his civil rights, Plaintiff was detained for approximately thirty-seven (37) hours before his arraignment on false charges, subsequently imprisoned for approximately eighty-four (84) days, and subjected to the humiliation of being arrested, searched, and led away in full public view in front of his community, resulting in damage to his esteem and reputation within his community.

**FIRST CLAIM FOR RELIEF:**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS**

29. Plaintiff Gamal Simmons-El repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

30. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of State law.

31. All of the aforementioned acts by Defendants deprived Plaintiff of the rights, privileges and immunities guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, said violations being actionable under 42 U.S.C. § 1983.

32. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, with the actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, pursuant to the customs, usages, practices, procedures and rules of Defendant CITY and its NYPD, all under the supervision of ranking officers of the NYPD.

34. Defendants, collectively and individually, while acting under color of State law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority that is forbidden by the Constitution of the United States.

35. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF: <br> FALSE ARREST UNDER 42 U.S.C. § 1983

36. Plaintiff Gamal Simmons-El repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

37. As a result of Defendants' aforementioned conduct, Plaintiff was subjected to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

38. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and Plaintiff was at all times aware of his confinement. Plaintiff was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

39. As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace before his neighbors and peers. Plaintiff was discredited in the minds of many members of his community.

## THIRD CLAIM FOR RELIEF: <br> MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

40. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

41. Defendants employed regularly issued legal process by arresting, processing, and initiating criminal proceedings against Plaintiff to forbear him of liberty and the lawful use of property.

42. Defendants acted with intent to do harm as there was at no point any reasonable suspicion or probable cause to subject Plaintiff, who was acting lawfully, to public humiliation, an unreasonable search, detention, arrest, booking, imprisonment, and prosecution.

43. Defendants undertook the aforementioned acts in order to obtain a collateral

objective outside the legitimate ends of the process, namely to arrest persons known to be innocent to improve the arrest numbers of the NYPD. This abuse of power is outside of and contrary to the legitimate use of the law enforcement and criminal justice processes and undermines the civil rights of persons such as Plaintiff for whom there is no reasonable suspicion or probable cause as to any alleged criminal activity.

44. As a result of Defendants' unlawful acts, Plaintiff suffered numerous violations of his constitutional rights, including deprivation of liberty following his arrest.

45. The acts of Defendants were intentional, wanton, malicious, reckless and oppressive and entitle Plaintiff to an award of punitive damages.

## FOURTH CLAIM FOR RELIEF: MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

46. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

47. Defendants initiated criminal proceedings against Plaintiff without probable cause or reason to believe that the criminal charges against him could succeed and with actual malice, thereby causing Plaintiff to be prosecuted on baseless charges and to suffer a significant deprivation of liberty in connection therewith.

48. The criminal charges against Plaintiff were terminated in his favor.

49. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

50. Defendants' unlawful prosecution of Plaintiff without probable cause and denial of associated due process rights, as described herein, violated Plaintiff's rights under the Constitution, for which Defendants are individually liable.

51. As a result of Defendants' malicious prosecution and other unlawful acts, Plaintiff

was subjected to humiliation, ridicule, and disgrace before his neighbors and peers. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of his community.

## FIFTH CLAIM FOR RELIEF:
## ILLEGAL STOP AND FRISK UNDER 42 U.S.C. § 1983

52. Plaintiff Gamal Simmons-El repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

53. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal and improper stop and frisk by Defendants without any reasonable suspicion of criminality or other constitutionally-required grounds. Moreover, this stop and frisk, and the above-alleged arrest, were the result of racial and/or national origin profiling.

54. As a direct and proximate result of such acts, Defendants deprived Plaintiff of his Fourth and Fourteenth Amendment rights, in violation of 42 U.S.C. §1983.

55. As a direct and proximate result of those constitutional abuses, Plaintiff has suffered and will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

56. The acts of Defendants were intentional, wanton, malicious, reckless and oppressive, and entitle Plaintiff to an award of punitive damages.

## SIXTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

57. Plaintiff Gamal Simmons-El repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

58. Defendants searched, seized and prosecuted Plaintiff despite a complete lack of probable cause against him, notwithstanding their knowledge that such actions would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

59. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers and officials, with the entire actual and/or apparent authority attendant thereto.

60. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of Defendant CITY and its agencies, including the NYPD, all under the supervision of ranking officers of the NYPD.

61. The aforementioned customs, policies, usages, practices, procedures of Defendant CITY include discriminating against and detaining minority males without reasonable suspicion or having probable cause as to each individual and without evidence of each individual's criminal activity, and conducting intrusive body searches without individual particularized suspicion or other justification.

62. Defendants, collectively and individually, while acting under color of State law, were directly and actively involved in violating the constitutional rights of Plaintiff.

63. Defendants, collectively and individually, while acting under color of State law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

64. Defendant CITY, as municipal policymaker in the training and supervision of Defendants DET. CHRISTOS DEFTEREOS (Shield #001081), RETIRED SERGEANT JOSE RODRIGUEZ (Shield #5575), DETECTIVE CHARLES HARMON (Shield #4219),

UNDERCOVER OFFICER CO0044 and OFFICERS "JOHN DOE" #1 through #10, individually and in their official capacities, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their rights secured by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

65. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY constituted a deliberate indifference to Plaintiff's constitutional rights.

66. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

67. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

68. All of the foregoing acts by Defendants deprived Plaintiff Gamal Simmons-El of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from search, seizure, arrest, prosecution and imprisonment not based upon reasonable suspicion and probable cause;

    c. To be free from infliction of emotional distress; and

    d. To receive equal protection under the law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.


DATED:   New York, New York
         May 29, 2015

Respectfully submitted,

_____

Kim E. Richman
**THE RICHMAN LAW GROUP**
195 Plymouth Street
Brooklyn, NY 11201
krichman@richmanlawgroup.com
212-687-8291 (telephone)
212-687-8292 (facsimile)

*Attorney for Plaintiff*